**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CASE NO. 5:11-CV-00135-R**

**PADUCAH RIVER PAINTING, INC.**                                                      **PLAINTIFF**

**v.**

**McNATIONAL INC., et al.**                                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion to dismiss or strike Defendants' third and fifth affirmative defenses in their Answer (DN 16). Defendants have responded (DN 26) and Plaintiff has replied (DN 35). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's motion is GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

The relevant facts are as follows. Plaintiff Paducah River Painting, Inc. ("Plaintiff") filed this action alleging patent infringement against Defendants McNational Inc., McGinnis, Inc., and National Maintenance & Repair of Kentucky, Inc. (collectively "Defendants"). Plaintiff alleges Defendants are infringing on U.S. Patent No. 7,837,410 (herein "Pat. 410"), which outlines a system for removing marine barges from a body of water and transporting them to a covered blast system where they are refurbished. Patent 410 p. 1, DN 1-1 at 1. In their Answer, Defendants assert the following affirmative defenses:

> Third Affirmative Defense: The '410 patent is invalid under one or more of the provisions of 35 U.S.C. §§ 102, 103, and/or 112. By way of example only, the '410 patent is invalid under § 102. Upon information and belief, Plaintiff commercially operated barge transportation and refurbishing systems and method of transporting and refurbishing barges, as described and claimed in the '410 patent, at least one year prior to the October 27, 2005 priority filing date (U.S. Provisional Patent Application No. 60/730/788) claimed in the '410 patent. By way of example only, the '410

1

> patent is invalid as obvious under § 103.  Before the time of Plaintiff's purported invention, methods (and associated systems) for removing barges from water to on-land positions or facilities for refurbishing, and enclosed facilities for refurbishing transport vehicles, were known to persons skilled in the art.  Plaintiff's combination of known elements to yield a predictable result would have been obvious to one of ordinary skill in the art at the time of Plaintiff's purported invention, rendering the '410 patent invalid under § 103.
> . . .
> <u>Fifth Affirmative Defense</u>: Defendants reserve the right to add any additional affirmative defenses that may become evident during the course of discovery in the case.

Answer, ¶¶ 33, 35, DN 14 at 6-7 (formatting altered).

Plaintiff now moves to strike or dismiss these two affirmative defenses.  Citing Federal Rules of Civil Procedure 8 and 12, it argues each is insufficiently pled, does not state a basis upon which relief can be granted, and are in violation of the rules governing fair notice.  Defendants generally deny such assertions and state that without commencing discovery, they are neither able nor required to provide more detailed averments than those present in the Answer.

## STANDARD

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A court may strike portions of the pleading acting on its own initiative or "on a motion made by a party . . . before responding to the pleading."  *Id*.  The Sixth Circuit has cautioned against motions to strike however, calling them "a drastic remedy to be resorted to only when required for the purposes of justice."  *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (citations omitted).  "The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy."  *Id*.  Such precedent has led to the general

discouragement of these motions.  *E.g.*, *Anderson v. United States*, 39 F. App'x 132, 135 (6th Cir. 2002); *Thompson v. Hartford Life & Acc. Ins. Co.*, 270 F.R.D. 277, 279 (W.D. Ky. 2010); *Smith v. Rees*, No. 5:07-CV-00180-R, 2009 WL 723203, at *1 (W.D. Ky. Mar. 18, 2009).

  Here, the parties debate the standard for judging whether an affirmative defense is sufficiently pled.  Before the Supreme Court's decisions of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), it was generally accepted that "an affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense."  *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1274).  In their wake, *Twombly* and *Iqbal* have provoked a frenzy of district court opinions reexamining this position.  These decisions debate the pleading standard by which a court should judge a defendant's affirmative defenses: *Twombly* and *Iqbal*'s heightened pleading standard or the "fair notice" standard of *Lawrence*.  *E.g.*, *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1256-57 (D. Kan. 2011) (collecting cases on both sides of the debate); *HCRI TRS Acquirer, LLC v. Iwer*, 708 F. Supp. 2d 687, 690 (N.D. Ohio 2010) (same).  Thus far, no appeals court has weighed in on the dispute and the district courts that have commented on it appear evenly divided.

  Courts adopting the new *Twombly* and *Iqbal* standard for affirmative defenses have offered differing rationales.  Some have dissected the language of Federal Rule of Civil Procedure 8.  In doing so, they noted the similarities between subsection (a)'s requirement of a "short and plain statement" for a claim showing relief and subsection (b)'s requirement of a statement in "short and plain terms" of any defenses.  *E.g., Hayne*, 263 F.R.D. at 649 (comparing Fed. R. Civ. P. 8(a)(1) and Fed. R. Civ. P. 8(b)(1)(A)).  Others underlined the goal of decreased

litigation costs by limiting affirmative defenses to those that are plausible.  *E.g., Iwer*, 708 F. Supp. 2d at 691 ("[T]he holdings of *Twombly* and *Iqbal* were designed to eliminate the potential high costs of discovery associated with meritless claims.").  Still others have used this higher pleadings bar to discourage the use of "boilerplate" defenses because they are frequently offered without a factual basis.  *E.g.*, *Safeco Ins. Co. of Am. v. O'Hara Corp.*, No. 08-CV-10545, 2008 WL 2558015, at *1 (E.D. Mich. June 25, 2008) ("Boilerplate defenses clutter the docket and, further, create unnecessary work.").

Those courts abiding by the "fair notice" standard provide contrasting reasons for doing so.  Some noticed that subsection (c) of Rule 8 only asks that defendants "state . . . any affirmative defense."  *Compare* Fed. R. Civ. P. 8(a) and Fed. R. Civ. P. 8(c).  The absence of the word "show" caused these courts to believe Rule 8(c) represented a lower threshold than Rule 8(a).  *E.g., F.T.C. v. Hope Now Modifications, LLC*, No. 09-1204 (JBS/JS), 2011 WL 883202, at *2 (D.N.J. Mar. 10, 2011) ("[W]hile Rule 8 requires the plaintiff seeking relief to 'show' that she is entitled to such relief, it requires the defendant asserting an affirmative defense to merely 'state' that defense."); *Charleswell v. Chase Manhattan Bank, N.A.*, No. 01-119, 2009 WL 4981730, at *4 (D.V.I. Dec. 8, 2009) ("There is no requirement under Rule 8(c) that a defendant 'show' any facts at all.").  A few addressed the practical concerns of requiring defendants to assert affirmative defenses sufficient to defeat a motion to dismiss under Rule 12(b)(6) in light of the temporal constraints facing a defendant in preparing an answer.  *E.g., Tyco Fire Products LP v. Victaulic Co.*, 777 F.Supp. 2d 893, 900-01 (E.D. Pa. 2011) (applying higher pleading standard presents an unreasonable burden on defendants who "risk the prospect of waiving a defense at trial by failing to plead it . . . and have a short amount of time to develop the facts necessary to

do so . . ." (citations omitted)); *Lane v. Page*, 272 F.R.D. 581, 596 (D.N.M. 2011) ("Plaintiffs can prepare their complaints over years, limited only by the statute of limitations, whereas defendants have only twenty-one days to file their answers." (citations omitted)).  Finally, there is the argument that the increased pleading standard for defendants will inevitably spawn more motions to strike by plaintiffs, a result at odds with the prevailing case law discouraging Rule 12(f)'s usage.  *Brown*, 201 F.2d at 822.

In a recent decision, *Holley Performance Products, Inc. v. Quick Fuel Technology, Inc.*, No. 1:07–CV–00185–JHM, 2011 WL 3159177, at *1 (W.D. Ky. July 26, 2011), Judge McKinley issued this Court's first opinion on the matter.  Analogizing the dispute over affirmative defenses to the pleading standard required for a statute of repose defense, he noted that in a post-*Iqbal* decision, the Sixth Circuit rejected the higher pleading standard in favor of the fair notice standard.  *Id*. at *2 (citing *Montgomery v. Wyeth*, 580 F.3d 455, 467-68 (6th Cir. 2009)).  This led Judge McKinley to offer the following conclusion: "Given the Sixth Circuit's 'fair notice' standard for pleading affirmative defenses, its ruling in *Montgomery*, and the total absence of appellate precedent on this issue the Court declines to adopt the heightened pleading standard of *Twombly* and *Iqbal* for the pleading of defenses."  *Id*.

There is no basis to depart from the sound reasoning in *Holley Performance*.  The decision bears all the hallmarks of a ruling written through the lens of judicial discretion.  Thus, the Court agrees with Judge McKinley's ruling and the previously stated rationale by other courts in upholding the fair notice standard.  The Court will strike any affirmative defenses "if it would serve the purposes of justice and if the defense is insufficient as a matter of law." *Chiancone v. City of Akron*, No. 5:11-CV-337, 2011 WL 4436587, at *4 (N.D. Ohio Sept. 23,

2011).  These defenses need only be pleaded such that they give "fair notice of the nature of the defense." *Lawrence*, 182 F. App'x at 456.

## DISCUSSION
### I. Third Affirmative Defense

Defendants assert in their third affirmative defense that "[t]he '410 patent is invalid under one or more of the provisions of 35 U.S.C. §§ 102, 103, and/or 112."  Answer, ¶ 33, DN 14 at 6.  Defendants offer two different examples of how the patent is invalid, one citing a scenario under subsection (b) of 35 U.S.C. § 102 and the other mentioning 35 U.S.C. § 103.  *See* Answer, ¶ 33, DN 14 at 6.  Plaintiff declares these affirmative defenses lack the factual basis necessary to provide fair notice.  It says an assertion of patent invalidity by "prior use or knowledge" or "prior art" under §§ 102 and 103 creates an undue burden when considering the millions of patents in the United States patent offices and multiple publications that could bear on this defense.

Employing the above-stated analysis, the Court is not persuaded by Plaintiff's motion.  Rule (8)(c)(1) requires defendants to "state" their affirmative defenses.  "[T]he requisite notice is provided where the affirmative defense in question alerts the adversary to the existence of the issue for trial." *Tyco*, 777 F.Supp. 2d at 900-01 (citing *N.H. Ins. Co. v. Marinemax of Ohio, Inc.*, 408 F. Supp. 2d 526, 530 (N.D. Ohio 2006)).  The rule's goals are to reveal the defense exists rather than explore the facts under which it is implicated.  Thus, the facts Plaintiff's petitions for are unnecessary.  *Id.*

Analogous precedent supports this ruling.  In *Tyco Fire Products LP v. Victaulic Co.*, the district court confronted whether an affirmative defense of invalidity under 35 U.S.C. § 102 was sufficiently alleged to provide fair notice of a plaintiff.  777 F. Supp. 2d at 895.  There, the

defendant's answer included the following language on the affirmative defense: "Plaintiff's patents are 'invalid and/or unenforceable for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including, without limitation, at least §§ 101, 102, 103 and 112.'" *Id*. at 896.  After selecting the yardstick of fair notice to measure the answer's defenses, the court wrote that "[u]nder this standard, [the defendant's] affirmative defense is plainly satisfactory to the extent it avers 'invalidity.'  It provides [the plaintiff] with notice that [the defendant] anticipates defending this suit on grounds of invalidity, the details of which [the plaintiff] can flesh out through discovery." *Id*. at 903.

A similar decision was reached in *Teirstein v. AGA Medical Corp.*, No. 6:08-CV-14, 2009 WL 704138 (E.D. Tex. Mar. 16, 2009).  There, in a patent infringement case, the defendants asserted both a counterclaim and an affirmative defense of invalidity.  *Id*. at *1-2.  The district court laid out the answer's language for each as follows:

> [The defendant's] counterclaim for declaratory judgment of invalidity of the '995 patent discloses that "the claims of the '995 patent are invalid for failing to satisfy one of more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112." [The answer] further asserts that "[The plaintiff] has brought an infringement suit against [the defendant] wrongfully alleging that [the defendant's] products infringe and will continue to infringe the '995 patent" and that "there is a justiciable controversy between [the plaintiff] and [the defendant] as to the matters asserted herein."  Incorporated by reference, [the defendant] also contends that "the claims of the '995 patent are invalid and void for failing to satisfy one or more provisions of the patent laws."

*Id*. at *4 (citations omitted).  Not only did the court conclude the answer fairly notified the plaintiff of the affirmative defense of invalidity, it also found the language was adequate for a counterclaim under *Twombly* and *Iqbal*.  *Id*. at *5-6.

Plaintiff's concerns are unavailing.  Whereas Defendants' third affirmative defense may not contain a detailed factual record, such information is not necessary at this stage in the

7

litigation. Defendants have notified Plaintiff of their intentions to develop a defense under 35 U.S.C. §§ 102, 103, and 112 - no more is required under Rule 8(c). Plaintiff may instead explore this claim through the architecture of pretrial discovery. Accordingly, this portion of the motion is DENIED.

## II. Fifth Affirmative Defense

Plaintiff urges the Court to strike the Answer's fifth affirmative defense because such a reservation of rights is insufficient under Rule 12(f). It also warns that even though a defendant may amend an answer under Federal Rule of Civil Procedure 15, the vagueness of this defense would violate Defendants' obligation under the rules of fair notice.

Rule 8(c) lists the affirmative defenses that must be included within an answer by a defendant. Fed. R. Civ. P. 8(c)(1). The list does not contain an option for the defendant to raise new defenses through a reservation of right. *Id.*; *accord Avocent Redmond Corp. v. United States*, 85 Fed. Cl. 724, 726 (2009) ("The reservation of rights section is, in effect, an affirmative defense; however, it is not listed in [Rule 8(c)] as a proper affirmative defense."). For this reason alone, Defendants' reservation is improper. Furthermore, a reservation of right seeking to preserve unknown affirmative defenses subverts Federal Rule of Procedure 15, which allows a party to move for leave to amend a responsive pleading. *E.g.*, *Voeks v. Wal-Mart Stores, Inc.*, No. 07-C-0030, 2008 WL 89434, at *7 (E.D. Wis. Jan. 7, 2008) ("The defendant can move to amend its pleadings to add additional affirmative defenses under Fed. R. Civ. P. 15."); *Messick v. Patrol Helicopters, Inc.*, No. CV-07-039-BU-CSO, 2007 WL 2484957, at *4 (D. Mont. Aug. 29, 2007) ("If [the defendant] later believes these [reservations of affirmative defenses] have merit, it may move to amend its Answer under the provisions of Rule 15(a)"); *Kelley v. Thomas Solvent*

*Co.*, 714 F. Supp. 1439, 1452 (W.D. Mich. 1989) ("[I]f a party wishes to assert additional affirmative defenses, in may seek to amend its answer . . . ."). Thus, the Court will strike affirmative defense five; Defendants may assert other affirmative defenses as they arise by amending their Answer.

## CONCLUSION

For the foregoing reasons, IT IS HERE BY ORDERED that Plaintiff's motion is GRANTED IN PART AND DENIED IN PART. The Court will strike the fifth affirmative defense from Defendants' Answer. Any affirmative defenses Defendants wish to raise at a later date should be pursued through Federal Rule of Civil Procedure 15.