UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11-CV-135-TBR

**PADUCAH RIVER PAINTING, INC.**                                              **PLAINTIFF**

v.

**McNATIONAL, INC.,** *et al.*                                                          **DEFENDANTS**

### AMENDED MEMORANDUM OPINION AND ORDER

Senior District Judge Thomas B. Russell referred this matter to the undersigned Magistrate Judge for ruling on discovery motions (DN 41). Pursuant to the Court's Scheduling Plan (DN 33 ¶ (B)(vi)), the undersigned granted the parties leave to file motions to compel and responses (DN 54). Plaintiff's motion to compel Defendants to file an Amended Prior Art Statement and Defendants' response are at DN 55/56 and DN 57, respectively. This matter is ripe for determination.

For the reasons below, Plaintiff's motion to compel is GRANTED in part and DENIED in part. Defendants are ordered to file an Amended Prior Art Statement.

DN 33 ¶ (E)(iii) provides that:

On or before April 27, 2012, Defendants shall serve Plaintiff with a prior art statement that discloses and explains in detail how prior art invalidates the patent (though this disclosure need not include invalidity as a result of any prior public use or sales by Plaintiff or its affiliates under § 102(b)). Defendants shall also serve copies of all documentary prior art evidence Defendants rely on in their invalidity defense, if not previously produced to the Plaintiff (with the exception of documentary evidence of prior public use or sales by Plaintiff or its affiliates under § 102(b)).

Plaintiff argues that Defendants' Prior Art Statement (copy at DN 56-1) reflects an open-ended, "shotgun" approach that unfairly impairs its ability to file a meaningful responsive Prior Art

Statement as required by DN 33 ¶ (E)(v), which provides that:

> On or before May 25, 2012, Plaintiff shall serve Defendants with a prior art statement that examines the prior art that Defendants disclosed and explains why this prior art does not invalidate the patent. The parties' prior art statements may be submitted in the form of expert reports.

On the whole, the Defendants' Prior Art Statement adequately complies with DN 33 ¶ (E)(iii). The present Order will correct its objectionable aspects.

The Plaintiff's requests in its seven-paragraph Proposed Order (DN 55-1) shall be considered in turn.

### Plaintiff's Proposed Paragraphs 1, 2, 6, and 7

Paragraph 1 of Plaintiff's Proposed Order requests that:

> [Defendants shall] [f]ully comply with the requirements of [DN 33 ¶ (E)(iii)] of this Court's Scheduling Order ... to correct the Defendants' Prior Art Statement ... to fully comply with the requirement "to serve Plaintiff with a Prior Art Statement that discloses and explains in detail how prior art invalidates the patent."

Paragraph 1 is well taken.

Paragraph 2 would require Defendants to "[f]ully answer Plaintiff's Interrogatory No. 4 as to invalidity allegations." Interrogatory No. 4 asked Defendants to "describe in detail the factual support for your allegation that U.S. Patent No. 7,837,410 is invalid under 35 U.S.C. §§ 102, 103 and 112; provide a complete statement of all your reasons for each such allegation, the identify of each document that supports your allegation, and [] identify each person that has knowledge of any facts that support your allegation" (DN 56-2, p. 2).

Defendants objected to the interrogatory as premature pursuant to the terms of the Court's Scheduling Plan. The objection is valid because DN 33 ¶ (E)(iii) specifically excludes from disclosure invalidity claims grounded in § 102(b), which are to be provided at a later date pursuant

2

to DN 33 ¶ (E)(iv). Although not specifically mentioned in DN 33, it appears that claims of invalidity pursuant to §§ 103 and 112, to the extent they go beyond invalidity claims based upon prior art, should be treated like invalidity claims under § 102. They are discoverable at a later date.

Defendants persuasively argue that, to the extent their Prior Art Statement "must be amended, then the resulting amendment will also remedy any defect in Defendants' response to Interrogatory No. 4" (DN 57, p. 13). Defendants shall supplement their response to Interrogatory No. 4 to incorporate their Amended Prior Art Statement. Plaintiff has failed to demonstrate its entitlement to more information at this juncture than ordered herein to be made a part of Defendants' Amended Prior Art Statement. Therefore, there is no need to order Defendants to answer Interrogatory No. 4.

Paragraph 6 of Plaintiff's Proposed Order states that:

> In complying with [this proposed Order], the Defendants shall not limit their detailed explanation, or statement of complete reasons, to invalidity allegations that are the Defendants' principal bases for invalidity.

This request addresses the perceived open-ended quality of Defendants' Prior Art Statement in which Defendants state that:

> [T]he following invalidity positions identify principal bases for invalidity based on certain of the currently known references cited and discussed in Section I. Defendants reserve the right to supplement the primary positions below based on discovery of new references or information, claim constructions by the Court, Plaintiff's arguments and/or expert opinions.
>
> (DN 56-1, p. 67)

Plaintiff's request for disclosure of all bases for invalidity known by Defendants appears reasonable.

Paragraph 7 of Plaintiff's Proposed Order states that:

> Failure of the Defendants to comply with this Order as to any Patent claim or any item of prior art shall result in barring the Defendants from submitting at any time during this case any arguments or facts of invalidity ... as to such claim or item of prior art.

3

Plaintiff's request for a "bar" on submitting subsequent arguments or facts of invalidity is unsupported. The Scheduling Plan (DN 33) contains no language restricting Defendants' ability to add prior art to their Prior Art Statement. According to Plaintiff, "the Scheduling Plan proposed to, and adopted by, the Court was modeled on the Local Patent Rules of the District of Minnesota" (DN 56, p. 4). Minnesota District Court Form 4, Part (f)(1)(B) provides that "Defendant may amend its prior art statement only by leave of the Court for good cause shown." This would be a more reasonable approach than prohibiting Defendants from asserting additional defenses at this time.

### **Plaintiff's Proposed Paragraphs 3, 4, 5**

Defendants' Prior Art Statement is divided into two parts. The first part consists of Disclosure of Prior Art (DN 56-1, pp. 1-66), and the second part consists of Description of Primary Invalidity Positions (pp. 67-107). The Description of Primary Invalidity Positions contains 22 numbered sentences stating why the patent is allegedly invalid. Sentences 1 through 7 are followed by detailed narrative explanations (pp. 67-104). However, beginning at Sentence 8 (p. 104), the sentences become increasingly complex, and no explanation of invalidity is provided. For example, as noted by Plaintiff, Sentence 17 (p. 105) states, without explanation, that:

> Claims 1-19 are also invalid under 35 U.S.C. § 103 over any one or more of U.S. Patent Nos. 130,768, 1,433,706, 1,860, 177, 2,392,081, 2,347,396, 2,415,805 or DK 594295, GB 679927 or DE 1815602 (each disclosing marine railways of the '410 Patent (as applied above)) in view of any one or more of U.S. Patent Nos. 1,499,022, 2,924,912, 3,077,996, 3,407,719, 4,222,319, 4,231,289, 4,787,179, 5,313,903, 5,353,729, 5,355,823, 5,540,172, 6,437,705, 6,446,912, 6,453,823, 6,769,162 or CA 676955 or WO 2002/068261 or U.S. Patent Publication No. 2002/0137430 (each disclosing blasting/recycling/painting operations of the '410 Patent (as applied/discussed above)).

Plaintiff's remaining requests in Paragraphs 3, 4, and 5 of its Proposed Order touch upon the allegedly "shotgun" aspects of Defendants' Prior Art Statement. According to Plaintiff, if one

4

does the math, Sentence 17 results in a minimum of 162 combinations of references (DN 56, p. 12). In light of their unwieldy number of combinations, it is apparent that statements like Sentence 17 put Plaintiff in an untenable position with respect to its duty to submit a responsive Prior Art Statement that "examines the prior art that Defendants disclosed and explains why this prior art does not invalidate the patent" (DN 33 ¶ (E)(v)).

Plaintiff is entitled to a Prior Art Statement that is answerable, and Defendants will have to be less convoluted. This might be achieved by eliminating redundant references to matters that, according to Defendants' own description, have already been "applied/discussed above" or by offering some explanation. Defendants' Prior Art Statement is adequate through page 103 and need not be modified. However, beginning on page 104, numbered Sentence 8, Defendants must amend their Prior Art Statement. Defendants are limited to a reasonably-answerable combination of references per numbered sentence. Defendants' Amended Prior Art Statement should specifically identify how the items of prior art work in combination to render Plaintiff's claims invalid.

The remaining aspects of Plaintiff's requests relate to the alleged failure of Defendants' Prior Art Statement to make out a *prima facie* case of invalidity of the patent.

It is undisputed that 1) Under 35 U.S.C. § 282, "[a] patent shall be presumed valid" and "[t]he burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity"; 2) An invalidity claim may itself be invalid; 3) There may be a statutory basis undermining a defendant's reliance upon prior art to establish invalidity; and 4) Ultimately, an invalidity defense must be proved by clear and convincing evidence. *Microsoft Corp. v. i4i Ltd. Partnership*, 564 U.S. ___, 131 S.Ct. 2238, 2243, 180 L.Ed.2d 131 (2011).

However, the foregoing does not change the fact that, at this stage of the litigation,

Defendants are required to identify only "how prior art [allegedly] invalidates the patent" (DN 33 ¶ (E)(iii)). If Plaintiff believes that the "prior art does not invalidate the patent," Plaintiff has only to "disclose[] and explain[] why" in its responsive disclosure (DN 33 ¶ (E)(v)). Plaintiff cites no authority for the proposition that Defendants' Prior Art Statement must make out a *prima facie* case of invalidity taking into account Plaintiff's anticipated objections, and we are aware of none.

Defendants persuasively argue that "[i[f Plaintiff believes the [EPA] permit application is not a printed publication because it is not publically available or otherwise, it need only state that in its responsive disclosure" (DN 57, p. 8). Similarly, "Plaintiff can easily respond to Defendants' third invalidity position by articulating its belief that the EPA Notebook ... lacks an 'enabling disclosure'" (p. 9).

## The *Travel Tags* Case

Plaintiff relies upon *Travel Tags, Inc. v. UV Color, Inc.*, a case from the District of Minnesota, in support of its position. Civil Action No. 09-1619, copy at DN 56-3. *Travel Tags* is distinguishable from the present case in that the litigation in *Travel Tags* had advanced beyond the infringement / non-infringement phase. The parties had completed the first round of *Markman* briefing analogous to that contemplated by DN 33 ¶ (E)(xi).

Plaintiff persuasively argues that *Travel Tags* supports the proposition that a defendant's prior art statement should specifically identify how the items of prior art work in combination to render a plaintiff's claims invalid. These inadequacies have already been addressed. Defendants shall file an Amended Prior Art Statement.

However, nothing in *Travel Tags* indicates that Defendants must "go first," so to speak, in anticipation of arguments Plaintiff might make in support of a conclusion of validity of its patent.

6

Plaintiff correctly notes that *Travel Tags* states that "[t]ypically, prior art statements list ... the applicable statutory basis for the invalidity contention," if any. However, Defendants do not appear to be making a statutory invalidity contention beyond that grounded in prior art.

## Order

For the foregoing reasons, it is hereby ORDERED that

1. Plaintiff's motion to compel (DN 55) is GRANTED in part and DENIED in part.

2. Within 30 days of entry of this Order, Defendants shall serve Plaintiff with an Amended Prior Art Statement that "discloses and explains in detail how prior art invalidates the patent" as contemplated by this Court's Scheduling Plan (DN 33 ¶ (E)(iii)). The Amended Prior Art Statement shall specifically identify how the items of prior art work in combination to render Plaintiff's claims invalid.

3. Defendants are limited to a reasonably-answerable combination of references per numbered sentence.

4. Defendants shall not limit their disclosures to their principal bases for invalidity.

5. Defendants shall supplement their responses to Interrogatory No. 4 to incorporate their Amended Prior Art Statement.

6. Defendants may add prior art to their Amended Prior Art Statements with leave of the Court for good cause shown.

7. Plaintiff's motion is denied in all other respects.

## Notice

Within 28 days after entry of this Order, the parties may file a motion to alter or amend to correct manifest error of fact or law pursuant to Fed.R.Civ.P. 59(e). Alternatively, within 14 days

after being served with a copy of this Order, the parties may file objections with the district judge alleging that it is "clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a).

c:   Counsel of Record